IN THE MATTER OF BENJAMIN VALENTINE, A LUNATIC.

*Lunatic — sale of real estate of — jurisdiction of court — reference to ascertain facts — when necessary.*

Upon an application for the sale of the real estate of a lunatic, the petition alleged that the only real estate belonging to him was that therein described; that it was necessary for the support and maintenance of the lunatic that this should be sold, and that the committee had, subject to the approval of the court, entered into an agreement for the sale thereof at a price therein specified. Upon the presentation of the petition, an order was made, no reference having been ordered, directing the sale of the real estate to the person with whom the contract had been entered into. *Held*, that the court had jurisdiction to direct the sale to be made, and the title acquired by the purchaser thereunder could not be attacked collaterally, even though the proceedings might have been, in some respect, irregular.

*Semble*, that it is not obligatory upon the court either under the Revised Statutes (2 R. S., 53, § 12) or under the act of 1864 (chap. 417) to order a reference to ascertain the truth of the facts set forth in the petition, when it has satisfied itself of the existence of these facts and the propriety of ordering the sale by any other means.

APPEAL from an order made at Special Term denying a motion made by one Jacob Haff, to compel the committee of a lunatic to amend proceedings heretofore instituted by them for the sale of real estate belonging to said lunatic.

*D. P. Barnard*, for the appellant.

*John J. Armstrong*, for the committee, respondent.

DYKMAN, J.:

On the 6th day of August, 1873, Curtis S. Smith, the committee of the person and estate of Benjamin Valentine, a lunatic, presented a petition to the Supreme Court, in which he stated that the only real estate belonging to the lunatic was a parcel of land therein particularly described, and that the lunatic was the owner of that parcel; that it did not produce any income; that there was no personal property belonging to the lunatic, except a small quantity of household furniture, and that it was necessary for the support and maintenance of the lunatic and his wife and children that this

real estate should be sold. That the committee had, subject to the approbation of the court, entered into an agreement with one Jacob Hoff, of Hempstead, for the sale to him of the real estate mentioned and described in the petition for the sum of $2,300, to be paid upon the delivery of the deed therefor, which sum was the highest amount that he could obtain therefor. Wherefore, the petitioner asked that he might be authorized to sell the land so mentioned and described, that the contract which he had made therefor might be affirmed, and that such other and further order might be made as should be just. Whereupon, an order of the court was made and entered, whereby this report of the committee and the sale therein mentioned, was ratified, approved and confirmed, and whereby it was further ordered that the said committee execute and deliver to the said Jacob Hoff, the purchaser named, a good and sufficient conveyance of the piece or parcel of land sold, upon receiving the purchase-money agreed upon, and that the said committee, after paying out the costs of the proceedings, and the other necessary expenses of effecting the sale, pay the residue of the proceeds of the sale to the county treasurer of Queens county, to be invested by him, and paid out by him on the order of the court, and that the committee, before receiving the proceeds of the sale, should give additional security by a bond, with two sureties, to be approved by a justice of this court, conditioned for the faithful application of and accounting for the proceeds of the sale. In pursuance of this order, a deed of conveyance was executed by the committee to Jacob Hoff on the 20th day of August, 1873, which was delivered and accepted; the money was paid and the purchaser went into possession of the land. On the 1st day of July, 1876, Jacob Hoff entered into a contract to sell and convey the land, and the purchaser has declined to consummate the contract because, as he alleges, Hoff got no title by his conveyance to him, on account of certain irregularities in the proceedings which led up to that conveyance, and he made a motion at the Special Term that the committee should be required to amend his proceedings or institute new ones for the purpose of perfecting his title, or refund the purchase-money.

This motion was denied at Special Term, and the case comes to us, on appeal from that order.

Courts of equity have power to direct the sale of lands owned by a lunatic, but they are all statutory and independent of the provision of our statutes on the subject, the courts of this State have no jurisdiction to entertain these proceedings for any purpose whatever. For the purpose of securing their validity, therefore, proceedings in the courts, for the sale of the lands of a lunatic, must be had in substantial compliance with the statutes of the State on that subject. By the Revised Statutes, the committee of a lunatic may apply to the court for authority to sell the real estate of the lunatic, in two cases: First; when his personal estate is insufficient for the discharge of his debts; and, second; when the personal property of the lunatic, and the rents of his real estate, are insufficient for the maintenance of himself or his family, or for the education of his children. The application must be by petition, which shall set forth the particulars and amount of the estate, real and personal, of the lunatic, the application which may have been made of any personal estate, and an account of the debts and demands existing against his estate, on the presentation of this petition. It must be referred to a referee or the clerk of the court to inquire into and report upon the matters contained in the petition, whose duty it is to examine into the truth of the representations made, to hear all parties interested in such real estate and to make a report thereon. If, upon the coming in of the report, and an examination of the matter, it shall appear to the court that the personal estate of the lunatic is not sufficient for the payment of his debts, and that the same has been applied to that purpose, an order shall be entered directing the sale of the whole or a part of the real estate as may be necessary. By the statute the same facts are required to be stated in the petition, and the same proceedings had in the last case as in the first. (Revised Statutes, vol. 2 [1st ed.], chap. 5, title 2, pages 53, 54.) Then came the act of 1864, which provided that whenever it shall appear that a disposition of the real estate of a lunatic is necessary and proper, either for the support and maintenance of such lunatic or for his education, or that the interest of such lunatic requires or will be substantially promoted by such disposition, on account of any such part of such property being exposed to waste and dilapidation, or on account of its being wholly unproductive, or when the same has

been contracted to be sold and a conveyance thereof cannot be made by reason of said lunacy or for any other peculiar reason or circumstance, the court may order the letting for a term of years, or the sale or other disposition of such real estate or interest to be made by such committee, in such manner and with such instructions as shall be deemed expedient. That, upon an agreement for the sale, leasing or other disposition of such property being made, the same shall be reported to the court on the oath of the committee making the same, and if the report be confirmed a conveyance shall be executed under the direction of the court, and that all sales, leases, disposition and conveyances made in good faith by such committee in pursuance of such orders, shall be valid and effectual as if made by such lunatic when of sound mind. (Laws of 1864, chapter 417.)

From these recitations of the statutes it appears that there were sufficient facts stated in the petition, to enable the court to entertain jurisdiction of the proceedings and order the sale of the property, for it was stated therein that the sale of this real estate was necessary for the support and maintenance of the lunatic and of his wife and children. This is a sufficient statement under the Revised Statutes or the statute of 1864, for, under both, one case in which the real estate of a lunatic may be sold by order of the court is where it is necessary and proper for the support and maintenance of such lunatic. The court then obtained jurisdiction by the presentation of the petition; but it is claimed that the sale ordered by the court was ineffectual to vest the title in the purchaser, by reason of certain irregularities in the proceedings. On the presentations of the petitions no order of reference was made as required by the statute, but the court made an order confirming the sale and ordering a conveyance. When an order of reference is made in these and similar proceedings it is for the purpose of informing the conscience of the court, and if any other means is adopted to accomplish the same end they are equally effective. The Revised Statutes contemplate that the court shall make an examination of the matter, even after the reception of the referee's report, and we suppose that examination can be made without any order of reference, or any referee's report. Besides, this statute of 1864 does not, in terms, require any order of reference, and we suppose these proceedings were had under that act.

But suppose there are irregularities or omissions, or even errors in the proceedings, so long as the court had jurisdiction and was competent to make the order it cannot be attacked collaterally. The adjudication is valid so long as it is permitted to stand unreversed, and the statutes above cited provide that all sales made in good faith, in pursuance of such order, shall be as valid and effectual as if made by such lunatic when of sound mind. This must be held to mean that the purchaser under these proceedings, will be vested by the deed of the committee with the same title that the lunatic had when he was of sound mind, and at the time the committee was appointed, and this entirely independent of the question whether the proceedings are regular or irregular.

These considerations lead us to the conclusion that the purchaser under the order of August 6, 1873, obtained all the title of the lunatic and that there is no occasion for any amendment of the proceedings.

Order appealed from affirmed, with costs and disbursements.

GILBERT, J., concurred. BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.